**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| NICOLE COLELLO, | ) | |
| on behalf of herself and a class, | ) | |
| | ) | |
| Plaintiff, | ) | 10 CV 6229 |
| | ) | |
| v. | ) | Judge  Coleman |
| | ) | |
| FRANKLIN COLLECTION SERVICE, INC., | ) | |
| | ) | |
| Defendant. | ) | |

## FINAL APPROVAL ORDER

This matter comes before the Court on the joint request of Plaintiff, the Class Members and

Defendant for final approval of the Class Action Settlement Agreement and Release (the "Settlement

Agreement"), and having considered the papers submitted to the Court and proceedings to date,

**THE COURT FINDS AS FOLLOWS:**

1.      This Court has jurisdiction over the subject matter of this Lawsuit, the Class

Representative, the Class Members and Defendant;

2.      Solely for purposes of settlement, the following Settlement Class is certified

pursuant to Fed. R. Civ. P. 23(b)(3):

> All persons with Illinois addresses to whom Defendant sent a letter
> in the form represented by <u>Exhibit A</u> to the Complaint on behalf of
> AT&T which letter was sent between September 29, 2009 and
> October 19, 2010.

Based on the parties' stipulations, and for settlement purposes only: (A) the class as defined is

sufficiently numerous such that joinder is impracticable; (B) common questions of law and fact

predominate over any questions affecting only individual Class Members, and include whether or

not Defendant violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA"),

1

(C) the claim of Plaintiff Nicole Colello is typical of the Class Members' claims; (D) Plaintiff Nicole Colello is an appropriate and adequate representative for the Class and her attorneys, Daniel A. Edelman, Cathleen M. Combs, James O. Latturner, Francis R. Greene, and the law firm Edelman, Combs, Latturner and Goodwin, LLC, are qualified to serve as counsel for Plaintiff and the Settlement Class (E) a class action is the superior method for the fair and efficient adjudication of the claims of the Class Members.

3.     Notice was given to the Class pursuant to paragraph 2.4 of the Class Action Settlement Agreement;

4.     The dissemination of Notice, as provided for in the Preliminary Approval Order and the Settlement Agreement, constituted the best practicable notice under the circumstances to all Class Members and fully met the requirements of Fed. R. Civ. P. 23, any and all substantive and procedural due process rights guaranteed by the United States Constitution and any other applicable law;

5.     No members of the Settlement Class opted out of the Settlement Agreement;

6.     No members of the Settlement Class objected to the Settlement Agreement;

7.     The Settlement Agreement is fair, reasonable and adequate.

**THEREFORE, IT IS HEREBY ORDERED:**

A.     That all defined terms contained herein shall have the same meanings as set forth in the Settlement Agreement;

B.     That the Settlement Agreement is finally approved and the Settling Parties shall implement it pursuant to its terms;

C.     That the Court hereby dismisses without prejudice this Lawsuit, all claims contained

2

therein and all Released Claims;

      D.     That, upon review of Class Counsel's fee petition, this Court awards to Class Counsel attorneys' fees and costs in the amount of $9,000, which this Court finds to be fair and reasonable;

      E.     That this Court approves payment of $1,000 to Plaintiff and Class Representative, Nicole Colello, for her damages;

      F.     That this Court reserves exclusive and continuing jurisdiction and venue with respect to the consummation, implementation, enforcement, construction, interpretation, performance and administration of the Settlement Agreement or Judgment;

      G.     That, except as otherwise provided in the Settlement Agreement or herein, the Settling Parties are to bear their own attorneys' fees and costs;

      H.     That Defendant shall file by June 20, 2012 a notice apprising the Court that the terms of the Settlement Agreement have been complied with and providing the Court with an accounting of how the money in the Settlement Fund was distributed; and

      I.     That ten (10) days after the filing of the notice contemplated in paragraph H above, the dismissal of the claims of Plaintiff and the Settlement Class shall become with prejudice, absent a timely motion by either Plaintiff or Defendant before that date. Class Counsel shall submit an agreed order of dismissal.

      J.     The parties are hereby ordered to comply with the terms of the Settlement Agreement.

SO ORDERED this 11th day of January, 2011.

 

_____
Honorable Sharon Johnson Coleman
United States District Court Judge